WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>vs.<br><br>Serrano's Mexican Restaurants, LLC,<br><br>Defendant. | No. CV-02-1608-PHX-FJM<br><br>**ORDER** |

The court has before it defendant's "Motion to Reconsider and Vacate the Court's Order Granting the Plaintiff's Motion for a New Trial" ("Second Motion to Reconsider") (doc. 253) and plaintiff's response (doc. 258). For the reasons stated below, we grant defendant's motion, and vacate both the Order Granting New Trial (doc. 224) and the Order Denying First Motion for Reconsideration (doc. 229). We also reinstate the jury verdict (doc. 202) and the judgment entered on that verdict (doc. 204).

**I.**

In April 2001 Serrano's Mexican Restaurants ("defendant") adopted a Management Code of Conduct ("Code") that prohibited its managers from socializing with staff outside of the workplace. The Code was designed to prevent sexual harassment and avoid unfair treatment of employees. Terra Naeve, a Serrano's general manager, led a Bible study group, which three of her subordinates attended. Naeve and defendant attempted to reach a

compromise that would reconcile the employees' participation in Naeve's Bible study group with the Code's restrictions. However, no compromise was reached, and Naeve was discharged.

The Equal Employment Opportunity Commission ("plaintiff") filed this action on August 20, 2002, alleging that defendant's failure to accommodate Naeve's sincere religious beliefs and Naeve's subsequent discharge violated Title VII of the Civil Rights Act. Plaintiff's claim survived a motion to dismiss and a motion for summary judgment. On June 7, 2005, this case went to trial. After approximately one hour of deliberation, a jury returned a defense verdict.

In addition to a general verdict form, the jury was presented with four interrogatories.[1] The first asked "Has the EEOC proven by a preponderance of the evidence that Ms. Naeve held a sincere religious belief that required her to lead a Bible study class for anyone who chose to enroll, and that she informed Serrano's of this belief?" <u>Verdict and Jury Interrogatories</u> (doc. 202). The interrogatory had two answer choices, yes and no. The jury was further instructed that "If your answer is 'No,' proceed to the Jury Verdict. If your answer is 'Yes,' proceed to answer Interrogatory No. 2." <u>Id.</u> The jury did not mark an answer choice, but instead wrote "No Decision." <u>Id.</u>

The second interrogatory asked "Has Serrano's proven by a preponderance of the evidence that it offered Ms. Naeve an accommodation that would have eliminated any conflict between the practice of her sincere religious belief and the Management Code of Conduct?" The jury was instructed that "If your answer is 'Yes,' proceed to the Jury Verdict. If your answer is 'No,' proceed to answer Interrogatory No. 3. The jury marked the answer "Yes." <u>Id.</u> On the general verdict form, the jury entered a verdict "In favor of Defendant Serrano's Mexican Restaurants, LLC and against Equal Employment Opportunity Commission on Plaintiff's Complaint." <u>Id.</u> Plaintiff failed to object before the jury was

---

[1] The jury's Verdict and Answer to Interrogatories are attached because of their importance to this case.

1  discharged and the original judge did not send the jury back for "further consideration" under
2  Rule 49(b).

3  On June 17, 2005, judgment was entered on the jury's verdict. Judgment (doc. 204).
4  On June 28, 2005, plaintiff moved for judgment as a matter of law, or, alternatively, for a
5  new trial. Plaintiff EEOC's Motion for Judgement as a Matter of Law or, Alternatively, New
6  Trial ("Motion for New Trial") (doc. 207). An order dated August 31, 2005 ("Order Granting
7  New Trial") denied plaintiff's motion for judgment as a matter of law, but granted the motion
8  for a new trial on two independent grounds. First, the order concluded that "the jury's
9  responses to the Court's interrogatories are internally inconsistent" because there was no way
10 to harmonize "the jury's finding of fact on one issue with the jury's failure to make a required
11 finding of fact on another issue." Order Granting New Trial at 3. Next, the order found that
12 "a verdict based on the jury finding that Defendant reasonably accommodated Terra Naeve's
13 sincerely held religious beliefs, is against the clear weight of the evidence." Id. Defendant's
14 motion for reconsideration or clarification of the Order Granting a New Trial was denied.
15 September 19, 2005 Order ("Order Denying First Motion for Reconsideration") at 1 (doc.
16 229).

17 An order dated April 19, 2006, clarified that only one of the two grounds upon which
18 a new trial was granted was certified for appeal. See April 19, 2006 Order (doc. 241). As
19 a result, the Ninth Circuit denied defendant's petition for permission to appeal the Order
20 Granting a New Trial. See July 20, 2006 Order (doc. 245). Interlocutory review would have
21 been fruitless unless both issues had been certified.

22 The second jury trial in this case was set for February 27, 2007. However, on January
23 18, 2007, the original judge to whom this case was assigned recused himself. The case was
24 randomly reassigned to us, and we re-set February 21, 2007 as the new trial date.

25                                     **II.**

26 This case was reassigned to us after trial and interlocutory appeal. While we approach
27 the law of the case with appropriate deference, our analysis is also guided by Rule 54(b), Fed.
28

R. Civ. P. (prior to final judgment, any order is subject to revision). We balance our respect for principles of comity with the rules of law governing a trial judge's authority to vacate a jury verdict.

A.

We first address our authority to decide the motion to reconsider the order that granted plaintiff's motion for new trial. See Second Motion to Reconsider at 8. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Our decision to grant defendant's motion for reconsideration is based upon our conclusion that the order granting a new trial was clear error.[2]

When one judge enters an order in a case, reassignment to a second judge does not deprive the second judge of the ability to reconsider or revise an order by the first. See United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970). The Federal Rules of Civil Procedure do not exclude orders in cases reassigned to a second judge from reconsideration or revision. Rule 54(b), Fed. R. Civ. P (stating that an order "is subject to revision at any time before the entry of judgment adjudicating all the claims and all the rights and liabilities of all the parties" so long as final judgment on that order has not been entered). Nevertheless, "one judge should not overrule another except for the most cogent reasons." Desert Gold Mining Co., 433 F.2d at 715.

Similarly, the law of the case doctrine does not affect our ability to decide defendant's motion. "[L]aw of the case . . . [a]s most commonly defined . . . posits that when a court

---

[2] Defendant's motion asks us to reconsider an order entered on August 31, 2005. Because the motion was filed more than ten days after that order, we may only consider it upon a showing of good cause. LR Civ 7.2 (g). We agree with defendant that there is good cause to consider its motion because we cannot avoid our duty "to correct clear legal errors and prevent the injustice and expense of subjecting the parties to a needless second trial." Second Motion for Reconsideration at 8.

- 4 -

decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 619, 103 S. Ct. 1382, 1391 (1983). However, the doctrine "directs a court's discretion," but does not "limit the tribunal's power." Id. Moreover, "it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." Id. at 619 n.8, 1391 n.8. The law of the case may be overturned if it is clearly erroneous, just as a motion for reconsideration may be granted if a prior order was clear error. Therefore, because we find that the Order Granting New Trial was erroneous, the law of the case doctrine is no bar to our consideration of defendant's motion.

We do not, of course, overturn prior decisions lightly. We accept that, in general, a prior ruling in a case should stand. However, comity alone is insufficient to go forward with an unnecessary second trial.

B.

Defendant argues that the first ground upon which a new trial was granted, inconsistent interrogatories and general verdict, see Order Granting New Trial at 2-3, was clear error for two independent reasons. First, defendant contends that the interrogatory responses were neither internally inconsistent, nor was either inconsistent with the general verdict. Second Motion for Reconsideration at 10. Second, defendant alleges that even if there was an inconsistency, a new trial was not warranted because the inconsistency could have been, and should have been, reconciled. Id. at 11-12.[3]

---

[3] We agree with defendant's inconsistency arguments, and therefore need not address its additional Rule 49 contentions. See Second Motion to Reconsider at 8-9 (arguing that both the timing of the Order Granting New Trial, and plaintiff's failure to object to any inconsistencies before the jury was discharged, prevented the original judge from granting a new trial pursuant to Rule 49).

1.

Rule 49(b), Fed. R. Civ. P. governs entry of judgment in a case in which a general verdict and the answers to written interrogatories are harmonious. In such a case, "the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58." Rule 49(b), Fed. R. Civ. P. On the other hand, if "the answers are inconsistent with each other <u>and</u> one or more is likewise inconsistent with the general verdict," the court may send the jury back for further consideration or order a new trial. <u>Id.</u> (emphasis added).

We must first address whether there was an actual inconsistency, for if the answers and the verdict are harmonious, judgment should be entered. We are persuaded by the common sense reasoning of <u>Gulf Refining Co. v. Fetschan</u>, 130 F.2d 129 (6th Cir. 1942), that unanswered interrogatories do not present the sort of inconsistency that gives a judge authority to order a new trial pursuant to Rule 49(b), Fed. R. Civ. P, "where answers to such questions, favorable to the party against whom judgment is rendered, would not necessarily render the judgment erroneous." <u>Id.</u> at 135.

In this case, *any* answer to the unanswered interrogatory would have been "harmonious" with the verdict. Had the jury answered "Yes" to the first interrogatory, it would nevertheless have proceeded to the second interrogatory, which it answered in a way that supports the general verdict. Alternatively, had the jury answered "No" to the first interrogatory, that conclusion would also support the general verdict. The jury's failure to answer the first interrogatory presents no inconsistency or conflict with the general verdict. Therefore, it was erroneous to grant a new trial on the ground that the general verdict and the answers to the written interrogatories were not harmonious.

2.

Even if we concluded that the jury's interrogatory responses were internally inconsistent, we would nevertheless conclude that a new trial was not warranted. Under the Seventh Amendment "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

Any inconsistency in a jury's interrogatory answers must be resolved by viewing the case in a light "that makes the jury's answers to special interrogatories consistent." Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd. 369 U.S. 355, 364, 82 S. Ct. 780, 786 (1962). "[A] search for one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment." Id. Even when interrogatory responses appear to raise an inconsistency, courts have a duty to attempt to harmonize interrogatory answers, "if it is possible under a fair reading of them," because " '[w]here there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.' " Gallick v. Baltimore & O. R. Co., 372 U.S. 108, 119, 83 S. Ct. 659, 666 (1963) (citation omitted).[4]

The Order Granting New Trial concludes that the interrogatories are inconsistent because they violated the court's instructions.[5] See Order Granting New Trial at 2. But if the result is harmonious, Rule 49(b) affords no basis to set aside a general verdict. The jury here did what many courts do: avoid the resolution of an issue on which there may be disagreement, where the case can be resolved by the resolution of an issue on which there is agreement. What is the point of struggling over an issue that will not change the outcome?

A fair reading of the jury's responses renders them consistent. The first interrogatory roughly corresponds to the prima facie case a plaintiff must set forth to establish religious

---

[4] Although the duty to harmonize is derived from cases involving special interrogatories, we see no reason to not extend its application to a case involving a general verdict and written interrogatories. In fact, the Order Granting New Trial assumes that the duty to harmonize applies to this case. See Order Granting New Trial at 3.

[5] We are unpersuaded by plaintiff's attempt to reframe the inconsistency issue in light of the jury's failure to follow instructions. Plaintiff correctly contends that interrogatory inconsistencies may arise when a jury returns answers that plainly violate its instructions. Response at 14. However, contrary to plaintiff's assertion, see id., that violation does not on its own give a court authority to order a new trial pursuant to Rule 49(b), Fed. R. Civ. P. Rather, Rule 49(b) is clear that interrogatory inconsistencies warrant a new trial only when "the [interrogatory] answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict."

discrimination on the basis of a failure-to-accommodate theory. See Peterson v. Hewlett-Packard Co., 358 F.3d 599, 606 (9th Cir. 2004). In a failure-to-accommodate case, once the plaintiff has made out a prima facie case, the burden then shifts to the defendant. Id. At that point, in order to prevail, the defendant must show that it " 'initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship.' " Id. (citation omitted). The second interrogatory in this case addresses the burden defendant must meet in order to prevail once plaintiff has made out a prima facie case.

Both the interrogatories and the applicable precedent acknowledge that a defendant may prevail in a failure-to-accommodate case based on a jury's finding that plaintiff did not make out a prima facie case. However, if plaintiff succeeds in making a prima facie case, defendant does not automatically lose. That is, once plaintiff has made out its prima facie case, accommodation becomes the dispositive issue.

The jury focused its deliberations on the dispositive second interrogatory, rendering the first interrogatory moot. This shortcut approach to legal reasoning, in which only dispositive issues are expressly decided, is both efficient and commonplace. Such decisions get merged into a general verdict without interrogatories.

Finally, a new trial may be ordered only if "the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict." Rule 49(b), Fed. R. Civ. P. (emphasis added). Here, the Order Granting New Trial did not conclude that one or more interrogatory answers were inconsistent with the general verdict. Neither the failure to answer the first interrogatory nor the response to the second interrogatory was inconsistent with the general verdict. Both were consistent with the verdict.

C.

Finally, we turn to the second ground upon which a new trial was granted: the conclusion that the jury's verdict was against the clear weight of the evidence. Before we reconsider that conclusion, we address plaintiff's argument that our authority is limited when

we examine the original trial judge's exercise of his discretionary authority over trial proceedings. See Response at 9-10. This contention relies on the abuse of discretion standard the court of appeals applies in reviewing the grant or denial of a motion for a new trial. See, e.g., Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1229 (9th Cir. 2001). However, in revisiting the Order Granting New Trial, we do not stand in the shoes of the court of appeals. We are not an appellate court reviewing a trial court's decision. We are a trial court reviewing a ruling that is always subject to revision under Rule 54(b) *before* final judgment enters. The standards which govern our "review" are those which govern a motion for reconsideration. Therefore, we do not review a ruling for an abuse of discretion, but rather *reconsider* a ruling as though we had made it on our own earlier in the case.

We next turn to the standard that must be met before a court may grant a new trial.[6] Although a motion for judgment as a matter of law under Rule 50, Fed. R. Civ. P., must be denied if "there is substantial evidence presented at trial to create an issue for the jury . . . [t]he existence of substantial evidence does not, however, prevent the court from granting a motion for a new trial pursuant to Fed. R. Civ. P. 59 if the verdict is against the clear weight of the evidence." Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir. 1987). Therefore, even if substantial evidence supports a jury's verdict, a court may nevertheless grant a new trial so long as the verdict is against the clear weight of the evidence. Nevertheless, a court evaluating a motion for new trial on these grounds should show "due respect for the jury system" and "deference toward the adversarial process." Venegas v. Wagner, 831 F.2d 1514, 1519 (9th Cir. 1987). A court may not substitute its own conclusion for that of the jury. Id.

In granting a new trial pursuant to Rule 59, Fed. R. Civ. P., the original judge stated that "[t]he Court finds that a verdict in this case, based on the jury finding that Defendant reasonably accommodated Terra Naeve's sincerely held religious beliefs, is against the clear

---

[6] Both parties identified the incorrect standard, arguing that a motion for new trial must be denied if there is substantial evidence to support the jury's verdict.

weight of the evidence." Order Granting New Trial at 3.[7] Plaintiff has further narrowed our focus by conceding that one of three accommodations defendant discussed with Naeve was reasonable, and would have eliminated any conflict between Naeve's practice and the Code. Response at 11 ("A transfer of Ms. Naeve would have been a reasonable accommodation."). However, plaintiff argues that the weight of the evidence does not support the jury's finding that a transfer was a reasonable accommodation because defendant never actually offered Naeve a transfer, but rather "told Ms. Naeve about the *possibility* of a transfer." Response at 11 (emphasis in original). Therefore, new trial was properly granted on this ground only if the jury's finding that defendant actually offered Naeve a transfer was against the clear weight of the evidence.[8]

Defendant argues that the relevant evidence on this issue includes Ric Serrano's direct and cross-examination testimony that he offered Naeve a transfer to another Serrano's restaurant. See Second Motion to Reconsider at 5 (citing Trial Transcript at 654:17-655:8; 722:18-723:3; 723:13-725:8). Plaintiff attempted to impeach this testimony, characterizing what Ric Serrano described as an offer as a mere proposal. See id. (citing Trial Transcript at 727:13-728:4). Further, defendant contends that notes made by Naeve, along with her trial testimony, "confirmed that Mr. Serrano told her on July 2, 2001 . . . that transfer was an option." Id. at 6 (citing Trial Transcript at 444:21-25; Trial Exhibit 17).

---

[7] The jury made this finding by answering "Yes" to the second interrogatory. Verdict and Jury Interrogatories.

[8] The wording of the second interrogatory requires us to consider whether the jury could find that an offer was actually made. However, we doubt that a finding that an employer made an offer in accordance with the law of contracts is necessary to support a finding of reasonable accommodation for purposes of Title VII. See, e.g., Tiano v. Dillard Dep't Stores, 139 F.3d 679, 681 (9th Cir. 1998) ("[I]f the employee proves a prima facie case of discrimination, the burden shifts to the employer to show either that it *initiated good faith efforts* to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship.") (emphasis added).

- 10 -

Plaintiff counters that Ric Serrano never made an actual offer, but rather testified three times that Serrano's "could" transfer Naeve. Response at 11 (citing Trial Transcript at 654, 655). Plaintiff also contends that Naeve's testimony regarding what Ric Serrano proposed is informative because Naeve testifed that Ric Serrano's question regarding transfer did not require her to answer yes or no. Id. at 12 (citing Trial Transcript at 886). According to plaintiff, this is additional evidence that an offer was not actually made because Webster's Dictionary defines an offer as a proposal that is to be accepted or refused. Id. Finally, plaintiff alleges that no actual offer was made because Ric Serrano testified that he would have to discuss Naeve's transfer with his family. Id. (citing Trial Transcript at 725, 701).

The issue of whether an offer was actually made was left to the jury. See Trial Transcript at 824:16-17 (where the original judge stated that "[t]he jury will decide whether in fact there was an offer or not"). The jury was entitled to consider Ric Serrano's testimony, plaintiff's attempts to impeach his credibility, Naeve's notes and Naeve's testimony regarding whether an offer was actually made. We are not persuaded that the clear weight of the evidence could *only* support a finding that an offer was not made. This issue went to the jury because it was a difficult one to decide. The jury's finding on an offer of an accommodation is not against the clear weight of the evidence. The jury was entitled to believe Ric Serrano and construe plaintiff's cross-examination and contentions as an exercise in semantics. Plaintiff had a fair trial. There is no reason to hold another one.

**THEREFORE**, it is ordered **GRANTING** defendant's motion (doc. 253). It is further ordered **VACATING** the Order Granting New Trial (doc. 224) and the Order Denying First Motion for Reconsideration (doc. 229), and **REINSTATING** the jury verdict (doc. 202) and the judgment entered on that verdict (doc. 204).

DATED this 14th day of February, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 11 -

```
                                              FILED    ___ LODGED
                                          ___ RECEIVED ___ COPY

                                              JUN 1 5 2005

                                          CLERK U S DISTRICT COURT
                                          DISTRICT OF ARIZONA
             UNITED STATES DISTRICT COURT BY_____ DEPUTY
                   DISTRICT OF ARIZONA
```

Equal Opportunity Employment           )
Commission,                            )
                                       )
              Plaintiff,               )
                                       )   VERDICT
     v.                                )
                                       )   No. CV 02-1608-PHX-EHC
                                       )
Serrano's Mexican Restaurants,         )
LLC,                                   )
                                       )
              Defendant.               )
                                       )
_____)

We, the Jury, duly empaneled and sworn in the above-entitled matter do find as to Plaintiff's Complaint:

(Please enter one verdict)

____ In favor of Plaintiff Equal Employment Opportunity Commission and against Serrano's Mexican Restaurants LLC on Plaintiff's Complaint and award damages in the amount of $_____ for Terra Naeve.

or

_X_ In favor of Defendant Serrano's Mexican Restaurants, LLC and against Equal Employment Opportunity Commission on Plaintiff's Complaint.

JUNE 15, 2005.                     _____
  (Date)                                   (Foreperson)

## Jury Interrogatories

(1) Has the EEOC proven by a preponderance of the evidence that Ms. Naeve held a sincere religious belief that required her to lead a Bible study class for anyone who chose to enroll, and that she informed Serrano's of this belief?

ANSWER:   Yes: _____   No: _____   NO DECISION

If your answer is "No," proceed to the Jury Verdict. If your answer is "Yes," proceed to answer Interrogatory No. 2.

(2) Has Serrano's proven by a preponderance of the evidence that it offered Ms. Naeve an accommodation that would have eliminated any conflict between the practice of her sincerely held religious belief and the Management Code of Conduct?

ANSWER:   Yes: __X__   No: _____

If your answer is "Yes," proceed to the Jury Verdict. If your answer is "No," proceed to answer Interrogatory No. 3.

(3) Has Serrano's proven by a preponderance of the evidence that it could not reasonably accommodate Ms. Naeve without undue hardship on the conduct of its business?

ANSWER:   Yes: _____   No: _____

If your answer is "Yes," proceed to the Jury Verdict. If your answer is "No," proceed to answer Interrogatory No. 4.

(4) If you answered "Yes" to Interrogatory No. 1, and "No" to Interrogatories Nos. 2 and 3, answer the following question: Did the EEOC prove that Ms. Naeve suffered damages as a result of Serrano's failure to accommodate her sincere religious beliefs?

ANSWER:   Yes: _____   No: _____

**Proceed to Verdict Form**