**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Equal Employment Opportunity Commission,

Plaintiff,

vs.

Serrano's Mexican Restaurants, LLC,

Defendant.

No. CV-02-1608-PHX-FJM

**ORDER**

On February 14, 2007 we granted defendant's "Second Motion to Reconsider and Vacate the Court's Order Granting the Plaintiff's Motion for a New Trial" ("Defendant's Second Motion for Reconsideration") (doc. 253). See February 14, 2007 Order (doc. 259). The court has before it plaintiff's motion for reconsideration of that order (doc. 262) and defendant's response (doc. 265). For the reasons stated below, we deny plaintiff's motion.

I.

Plaintiff first argues that we should reconsider our order to the extent that it was influenced by "an erroneous view of the scope of the Ninth Circuit's power." Plaintiff's Motion for Reconsideration at 6. Specifically, plaintiff argues that our statement that "[i]nterlocutory review would have been fruitless unless both issues [upon which the order granting new trial rested] had been certified," February 14, 2007 Order at 3, justifies reconsideration because it implies that the Ninth Circuit could not have reviewed the

uncertified issue. See Plaintiff's Motion for Reconsideration at 2. This is a red herring. We did not comment on the Ninth Circuit's power to review. In merely reciting the procedural history of the case we drew into question the wisdom of certifying an issue at all if it was not going to affect the outcome. What is the point of certifying a non-dispositive issue? Even if the circuit reversed on the "verdict" issue, the trial court had stated another and quite independent basis for granting a new trial. Our comment simply noted how "fruitless" it would have been to certify one but not both issues. The Ninth Circuit asked the trial judge what was being certified. Once he told them, the circuit denied review. We simply acknowledged the near inevitability of this result when one certifies fewer than all the dispositive issues. Our comment has nothing to do with the authority of the court of appeals to review. Our comment reflected a practical understanding of the procedural posture of the case–an understanding that plaintiff misses altogether.

Finally, our passing comment had no effect on our resolution of the case. Our February 14, 2007 Order reconsidered the order granting new trial, and reinstated the jury's verdict, because (1) we had authority to reconsider the original judge's order, (2) the interrogatory responses were neither internally inconsistent nor was either inconsistent with the general verdict, and (3) the jury's verdict was not against the clear weight of the evidence. See February 14, 2007 Order. None of these conclusions had anything to do with the aborted attempt at interlocutory review.

II.

Next, plaintiff contends that reconsideration is appropriate because we improperly substituted our judgment for that of the presiding trial court judge. Plaintiff's Motion for Reconsideration at 2. In particular, plaintiff argues that a judge to whom a case is reassigned may not reconsider a discretionary court ruling without "carefully scrutinizing the entire trial transcript and all of the documentary evidence that the jury had before it" and that our order "gives no indication that [we] engaged in such a full and searching review of the record." Id. at 3. However, plaintiff does not cite to any authority in support of this proposition.

Instead, it notes that a trial judge has discretion to grant a new trial after a jury renders a verdict. See id. at 7.

The fact that a trial judge has authority to grant a new trial has no bearing on our authority to reconsider an order in this case. Rule 54(b), Fed. R. Civ. P is clear that *any* order "is subject to revision at any time before the entry of judgment adjudicating all the claims and all the rights and liabilities of all the parties" so long as final judgment on that order has not entered. Both the law of the case doctrine and the standard governing motions for reconsideration give us authority to revisit an order that is clearly erroneous. See Sch. Dist. No. 1J., 5 F.3d at 1263 (stating that clear error justifies reconsideration) and Arizona v. California, 460 U.S. 605, 619, 103 S. Ct. 1382, 1391 n.8 (1983) (stating that pursuant to the law of the case doctrine, "it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice"). In granting defendant's motion, we acted pursuant to Rule 54(b). Because our order concluded that the original judge's decision was erroneous, we had reason to reconsider that judge's prior order.

Moreover, in our adversary system, the responsibility to point out material portions of the record falls on the parties. We examined everything the plaintiff brought to our attention.

III.

Third, plaintiff argues that we should reconsider our earlier order because "given the appellate standard of review as a guiding point," it was "simply incorrect" for us to review the original judge's order applying the standard governing motions for reconsideration instead of the appellate abuse of discretion standard. Plaintiff's Motion for Reconsideration at 3. Yet plaintiff does not cite to any precedent that suggests that our Rule 54(b) authority is circumscribed by standards of appellate review.

IV.

Finally, plaintiff alleges that reconsideration is appropriate because "the undisputed trial evidence demonstrates that the jury's answer to Interrogatory #2 was against the clear weight of the evidence." Plaintiff's Motion for Reconsideration at 9. Specifically, plaintiff

contends that any transfer defendant offered "would not have resolved the conflict" between Naeve and the Code because (1) the offered transfer was not unconditional and (2) the offered transfer required Naeve to "abandon a part of her sincerely held religious beliefs." Id. at 12, 13.

The jury answered "yes" to the second interrogatory, which asked "[h]as Serrano's proven by a preponderance of the evidence that it offered Ms. Naeve an accommodation that would have eliminated any conflict between the practice of her sincerely held religious belief and the Management Code of Conduct?" Verdict and Jury Interrogatories (doc. 202). We concluded that this answer was not against the clear weight of the evidence, and therefore, the second ground upon which a new trial was granted was erroneous. See February 14, 2007 Order at 11. In so holding, we noted plaintiff's concession that one of the accommodations defendant discussed with Naeve would have constituted a reasonable accommodation. Id. at 10 (citing Plaintiff's Response (doc. 258) at 11).[1] We also acknowledged plaintiff's argument that the manner in which defendant communicated the possibility of an offer rendered it insufficient to qualify as an actual offer. Id. at 10; see Plaintiff's Response at 11 ("At issue is whether [Ric Serrano's testimony regarding the transfer] is sufficient without more to constitute an 'offer.' ").

Here, plaintiff argues that we manipulated its response to defendant's Second Motion for Reconsideration, and failed to cite to the sentence "***immediately prior***" to the one on which we relied. Plaintiff's Motion for Reconsideration at 10 (quoting Plaintiff's Response at 11) ("Defendant never satisfied its duty to accommodate Ms. Naeve because it never offered her an accommodation that would have resolved the . . . workplace conflict and ***permitted her to continue in her lay ministry, thereby observing her religious beliefs***.") (emphasis added in Plaintiff's Motion for Reconsideration). Plaintiff now contends that the dispositive issue is the nature of the offers made to Naeve, and that the only offer that would

---

[1] We quoted directly from plaintiff's brief. See February 14, 2007 Order at 10 (quoting Plaintiff's Response at 11) ("A transfer of Ms. Naeve would have been a reasonable accommodation.").

have "resolved the conflict" was an "unconditional" transfer offer that did not require Naeve to guarantee that "she would not permit employees at a new location to attend her Church or Bible study group that she led." Id. at 9-10. Plaintiff alleges that because the evidence at trial established that this kind of offer was never made, the jury's finding that a reasonable accommodation was made was against the clear weight of the evidence. Id. at 12.

We reject this argument for several reasons. First, plaintiff offers no citation to the trial transcript to support its contention that defendant's transfer offer was conditioned upon Naeve abandoning her religious beliefs. Defendant does cite to some evidence regarding a guarantee attached to the transfer offer, but that evidence does not support plaintiff's argument. Instead, it suggests that Naeve rejected the transfer offer because Naeve herself stated that she could not guarantee that the same issue would not reoccur at another Serrano's restaurant. Defendant's Response at 6 (citing Tr. at 657, 684, 687). The evidence is unclear as to what "issue" Naeve was unable to prevent. However, that ambiguous evidence does not on its own establish that defendant's transfer offer included a requirement that Naeve abandon her religious beliefs. Similarly, it does not support plaintiff's argument that the jury's finding regarding reasonable accommodation was against the clear weight of the evidence.

We also reject plaintiff's argument to the extent that the issue Naeve referred to was Naeve's ability to recruit subordinate employees at the restaurant to which she would have been transferred. See Plaintiff's Motion for Reconsideration at 4 (arguing that a reasonable accommodation would allow Naeve "to act" on her beliefs). Naeve's religious beliefs did not require her to recruit subordinates to join her Bible study. See id. at 11 (stating that Naeve's beliefs required her to "teach an introductory Bible study to anyone who 'wanted to attend, who wanted to come, who wanted to learn, who wanted to pray,' " and that turning anyone away from a Bible study group would have violated her beliefs) (citation omitted). Therefore, defendant was not required to accommodate Naeve's desire to recruit. See Tiano v. Dillard Dep't Stores, 139 F.3d 679, 682 (9th Cir. 1998) ("Title VII does not protect secular preferences."). Given plaintiff's insistence that Naeve be permitted to continue her "lay

ministry," Plaintiff's Motion for Reconsideration at 10, it is important to note that defendant was entitled to restrict workplace proselytizing. Even if active recruitment was a tenet of Naeve's religious beliefs, defendant would not have been required to allow Naeve to impose her beliefs upon her co-workers. See Peterson v. Hewlett-Packard Co., 358 F.3d 599, 607 (9th Cir. 2004). The EEOC's views on this issue distort the law and raise very substantial First Amendment issues.

Finally, plaintiff cannot argue against the jury's finding by stating that "only an *unconditional* transfer would be an accommodation." Plaintiff's Motion for Reconsideration at 12 (emphasis in original). An unconditional transfer might have been Naeve's preferred form of accommodation. However, if an employer reasonably accommodates an employee's religious needs, it is not required to also consider an employee's proposed alternative accommodations. See Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 68, 107 S. Ct. 367, 372 (1986). Arguing that one kind of offer was not made does not establish that no reasonable accommodation was made. Similarly, it does not support the conclusion that the jury's finding that a reasonable accommodation was made was against the clear weight of the evidence.

**THEREFORE**, it is **ORDERED DENYING** plaintiff's motion for reconsideration (doc. 262).

DATED this 5th day of April, 2007.

Frederick J. Martone

Frederick J. Martone
United States District Judge