**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Serrano's Mexican Restaurants, LLC, d/b/a Serrano's Fine Mexican Food Restaurants ,<br><br>　　　　Defendant. | No. CV 02-1608-PHX-FJM<br><br>**ORDER** |

The court has before it defendant's motion for sanctions (doc. 264), plaintiff's response (doc. 266) and defendant's reply (doc. 268). For the reasons stated below, we deny defendant's motion.

Defendant seeks $221,468.75 in sanctions, arguing that plaintiff acted in bad faith when it "flatly refused to negotiate any issue regarding a potential press release." Motion for Sanctions at 13. Plaintiff contends that the motion before us is "in essence a motion for reconsideration of Magistrate Judge Anderson's denial of Defendant's earlier motion for sanctions filed in 2005." Response at 3. We agree with plaintiff's assessment.

On August 1, 2005, defendant filed a motion for Rule 16 sanctions (doc. 218). On September 27, 2006, Magistrate Judge Anderson concluded that sanctions were not

warranted under Rule 16(f), Fed. R. Civ. P. September 27, 2006 Order (doc. 248) at 3 (explaining that Rule 16 authorizes sanctions for a party's failure to comply with a scheduling or pretrial order and "for failure to participate in a settlement conference in good faith"). The order also noted that plaintiff complied with the settlement conference order, and that "any inability on the part of [plaintiff] to resolve the press-release issue did not preclude settlement," but that "the parties' positions on monetary damage and other relief" did. Id. at 4.

Defendant argues that Judge Anderson denied its earlier motion by finding that (1) the EEOC did not violate the settlement conference order, and (2) plaintiff's counsel had authority to settle the case. Reply at 8. Defendant contends that its present motion argues an issue Judge Anderson did not decide: that plaintiff's "refusal to negotiate the issue that it knew to be of paramount importance to Serrano's was a bad faith refusal to come to the bargaining table." Id. However, defendant's earlier motion sought sanctions for three independent reasons, including plaintiff's bad faith conduct. Motion for Rule 16 Sanctions at 2 (arguing for sanctions because plaintiff violated the January 19, 2005 settlement conference order by "(1) failing to have a representative at the settlement conference with full and complete authority to settle the case, (2) being unprepared to meaningfully participate in the settlement conference, and (3) failing to participate in the settlement conference in good faith"). Although Judge Anderson did not expressly hold that the conduct defendant described did not constitute bad faith on the part of plaintiff, he denied defendant's motion for sanctions. Therefore, he indirectly rejected the bad faith argument.

Even if we construe defendant's present motion as one for reconsideration of Judge Anderson's order we do not alter our conclusion. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). If reconsideration is sought more than ten days after the order it seeks to overturn, good cause must be shown. LRCiv 7.2(g). Here, defendant does not argue that any reason justifies

- 2 -

1    reconsideration of Judge Anderson's September 27, 2006 order.  Nor does defendant allege
2    any sort of good cause for its late filing.  Although we have authority to grant a motion for
3    reconsideration filed over a year after the order at issue, see February 14, 2007 Order (doc.
4    259), we will not do so without proper justification.

5          Finally, we reject defendant's attempt to distinguish the two motions.  Both motions
6    contain similar descriptions of the conduct at issue.  For example, both address counsel's
7    conduct in cases brought in other courts.  Compare Motion for Rule 16 Sanctions at 7-9 with
8    Motion for Sanctions at 6-8.  Both motions describe the parties' January 10, 2005 pretrial
9    conference and the March 14, 2005 settlement conference.  Compare Motion for Rule 16
10   Sanctions at 6, 10 with Motion for Sanctions at 9-10.

11         In addition, significant portions of defendant's present motion duplicate its earlier
12   motion verbatim.  Numerous sentences have been superficially edited to differentiate them
13   from their original versions.  Compare Motion for Sanctions at 6 ("Ms. Valenzuela and JPI
14   agreed on the terms of a confidential settlement, including the specific settlement amount,
15   in the Fall of 2004, but the EEOC refused to allow the settlement unless it could issue its
16   usual press release, with its usual quotes criticizing the employer and its alleged
17   discriminatory practices.") with Motion for Rule 16 Sanctions at 7 ("Valenzuela and JPI had
18   agreed on the terms of a confidential settlement, including the specific settlement amount,
19   in the Fall of 2004, but the EEOC refused to approve the settlement unless it could issue its
20   usual press release, with its usual quotes criticizing the employer and its allegedly
21   discriminatory practices.").  This sort of editing does not convert the old motion into a new
22   one.

23         Similarly, the motions rely on identical authority.  See Motion for Rule 16 Sanctions
24   at 11, 12 (citing Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 483 (D. Ariz. 2003), Guillory
25   v. Domtar Indus., 95 F.3d 1320, 1334 (5th Cir. 1996); Schwartzman, Inc. v. U.S., 167 F.R.D.

1  694, 699 (D.N.M. 1996)); Motion for Sanctions at 12, 13 (citing the same three cases).
2  Defendant's analysis of these cases has not changed.[1]

3  **THEREFORE, IT IS ORDERED DENYING** defendant's motion for sanctions
4  (doc. 264).

5  Our denial of the defendant's motion is not an expression of our view on the
6  underlying merits or the propriety of the EEOC in using press releases as part of its approach
7  to litigation. Lawyers have a professional obligation to avoid extrajudicial statements that
8  may prejudice a proceeding, see ER 3.6, and an obligation to be truthful in statements to
9  others, see ER 4.1. LRCiv 83.2(d). There is a big difference between promoting the public's
10 right to know through keeping proceedings public, on the one hand, see Foltz v. State Farm
11 Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003), and affirmatively issuing press releases,
12 on the other. The United States, and its employees, have a special duty not to injure the
13 reputations of its citizens. Nor should it use press releases as a bargaining tool in litigation.

14 DATED this 5th day of July, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] Defendant now argues that we have authority to impose sanctions pursuant to our "inherent power," see Motion for Sanctions at 10-12. In its earlier motion, defendant argued for sanctions pursuant to Rule 16, Fed. R. Civ. P., see Motion for Rule 16 Sanctions at 11-13. However, the focus of defendant's motion is plaintiff's alleged bad faith conduct during settlement negotiations. The authority defendant cites in support of its proposition that this kind of bad faith conduct warrants sanctions is the same authority it cited in its earlier motion.

- 4 -